McKinney J.
delivered the opinion of the court.
This was a motion for judgment in the circuit court of Se-vier county, by the defendant in error, as Sheriff of said county, against the plaintiff in error, one of his Deputies, founded upon the act of 1829, chap. 41, sec. 1.
It appears from the record, that on the 1st of October, 1846, the Union Bank recovered a judgment, by motion, against the present defendant in error, as principal Sheriff of Sevier county, for the sum of $308 57, including damages and costs, for an insufficient return of an execution issued in favor of said Bank.
It further appears, that said execution was first placed in the hands of Howard, the principal Sheriff, who shortly af-terwards, delivered the same to Cate, who it seems, was in *17 experienced in the duties of his office. At the time of delivering the execution to said Deputy, Howard directed him to search for property of the defendants, and stated that he would assist him in making the return. The proof shows, that the entire return, except the signature of the Deputy, is in the proper handwriting of Howard; and two witnesses prove that, after the motion was instituted against Howard, by the Bank, they heard him say that he made out the return, and that he thought, at the time, it was right. Upon this state of facts, the question is : can the present motion be maintained ?
The act of 1829 provides, that “in all cases where any Sheriff or Clerk, within this State, shall have paid money, or become liable to pay money, for the default or misconduct of their Deputy or Deputies, it shall and may be lawful for said Sheriff or Clerk, to recover judgment by motion against such Deputy or Deputies, and his and their securities, for all such damages and costs that he or they may have sustained, or be liable to pay, in the circuit court where such Sheriff or Clerk may reside; upon satisfactory proof made to the court, of the default or misconduct of said Deputy or Deputies, by giving him or them ten days notice of the time of making the motion.”
This is not a question between the plaintiff in the execution, and the officer; in which cause, for reasons of public policy, the most stringent principles are applied, to enforce the prompt and exact performánce of official duty. The statute was simply designed, to give a remedy less tedious and expensive than the common law action on the case, to which in a case like the present, the Sheriff must have resorted, prior to the passage of the act, for redress. But it is manifest from the language of the statute, that no change of the common law principles applicable to such cases, was contemplated. In a proceeding, either at common law, or upon *18 the statute, by the Sheriff against his Deputy, the “ default or misconduct ” of the latter, must be established by satisfactory proof. The action on the case, in the language of Lord Mansfield, (3 Burr. Rep. 1353,) is founded upon the justice of the plaintiff’s case. And the defendant is permitted to avail himself of every matter of defense which shows that, in equity and conscience, the plaintiff ought not to recover. 1 Chitty’s Pl. 491.
There is no justice in the recovery sought against the plaintiff in error. He was uninformed as to his duty in the particular case in which he was called upon by his principal to act. The principal assumed to know, and to instruct him, and actually made the return in question, believing, at the time, that it was a sufficient return. The Deputy, confiding in the experience of his principal, as he well might, signed his name to the return as written out by him. There was no “ default or misconduct ” on the part of the Deputy. If the return were insufficient, it was alone the unpardonable negligence and fault of the principal. And to permit him, under such circumstances, to visit the consequences upon his Deputy, by a recovery over against him, would be the grossest injustice.
The judgment of the circuit court will therefore be reversed, and the motion be dismissed.